89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Wamel Islam ALLAH, Plaintiff-Appellant,
v.
Frank IRVIN, F. Irland, A. Bryant, A. Berent, Sindoni,
Walter Conley, D. Waldmiller, Howard M. Brennan,
C.O. Hassan, George Peters, Joseph
Wozniak, Defendants-Appellees.
 No. 94-2678.
 United States Court of Appeals, Second Circuit.
 Nov. 17, 1995.
 
 1
 Appeal from the United States District Court for the Western District of New York.
 
 
 2
 Appearing for Appellant: Wamel Islam Allah, pro se, Stormville, N.Y.
 
 
 3
 Appearing for Appellee: Daniel Smirlock, Ass't Att'y Gen., Albany, N.Y.
 
 
 4
 W.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York, and was submitted by plaintiff pro se and by counsel for defendants.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 8
 Plaintiff pro se Wamel Islam Allah, a New York State prisoner, appeals from a judgment entered in the United States District Court for the Western District of New York, after a bench trial before William M. Skretny, Judge, dismissing his complaint seeking damages from defendant corrections officers and prison officials under 42 U.S.C. § 1983 (1988) for, inter alia, confiscating his black-and-aqua bow tie, in violation of his First Amendment right to freely exercise his religion. On appeal, Allah, who was represented by counsel at trial, contends principally (a) that the trial court erred in concluding that he had not established that his free-exercise rights were violated, and (b) that he received ineffective assistance from his trial counsel, in violation of his rights under the Sixth Amendment. For the reasons that follow, we affirm the judgment.
 
 
 9
 With respect to Allah's free-exercise-of-religion claim, there was evidence at trial that, as a follower of the Nation of Islam, Allah was required on some occasions to wear a bow tie. A minister of the Nation of Islam testified that, though the dress code is not codified within that faith, a follower who does not wear a bow tie is perceived as not fully understanding the faith. He also testified, however, that although the color of the bow tie may be significant at times, any color bow tie is acceptable.
 
 
 10
 A Department of Corrections policy directive, No. 4911, lists types of clothing that inmates are permitted to wear. The list of acceptable items includes "Neckties--cloth, solid colors only," and "Bow ties." Since a bow tie is a type of necktie, and the directive specifies that only solid-color neckties are permitted, the directive is reasonably read as allowing solid-color bow ties and prohibiting multi-colored bow ties. Defendants introduced evidence that they informed Allah that his confiscated bow tie was unacceptable not because it was a bow tie, but only because it was multi-colored, and that there was no institutional objection to his having solid-color bow ties. Since there was evidence that wearing any color bow tie is an acceptable exercise of the Nation of Islam religion, the trial court's conclusion that the prohibition against Allah's wearing a multi-colored bow tie did not infringe his rights was not erroneous.
 
 
 11
 We reject Allah's Sixth Amendment argument because a party has no constitutionally guaranteed right to the assistance of counsel in a civil case. See, e.g., United States v. Coven, 662 F.2d 162, 176 (2d Cir.1981), cert. denied, 456 U.S. 916 (1982).
 
 
 12
 We have considered all of Allah's arguments on this appeal and have found them to be without merit.
 
 
 13
 The judgment of the district court is affirmed.